**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

======================================
HANNAH BARD individually and
on behalf of all others similarly situated

Plaintiff,

-against-

LAW OFFICES OF HAROLD E. SCHERR, P.C.

Defendant.

======================================

**CLASS ACTION COMPLAINT**

*Introduction*

1)      Plaintiff Hannah Bard files this Complaint seeking  redress for the illegal practices of Law Offices of Harold E. Scherr, P.C., in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

2)      Plaintiff is a citizen of the State of New York who resides within this District.

3)      Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4)	The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5)	Upon information and belief, Defendant's principal place of business is located within New York, New York.

6)	Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7)	Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8)	This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9)	Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### Allegations Particular to Hannah Bard

10)	Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11)	Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12)	On many occasions within the past year, Law Offices of Harold E. Scherr, P.C. left prerecorded messages on Plaintiff Hannah Bard's voice mail stating: **"This is the Law Office of Harold E. Scherr."**

13)	Said prerecorded messages communicate to the least sophisticated

consumer that the communication came from a law firm in a practical sense hence the messages violate Section 15 U.S.C. 1692e(3). [1]

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." - 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.)

14)     The same applies to a prerecorded or human voice-mail message, because a voice mail message containing a law-firm audio caption such as: **"This is the Law Office of Harold E. Scherr."** would imply meaningful attorney involvement,

---

[1] See, e.g. Suquilanda v. Cohen & Slamowitz, LLP  No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011)

" Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

which does not exist absent participation by an attorney in the debt-collection process.[2]

15)    When a debt collection law firm like the Law Offices of Harold E. Scherr, P.C. chooses to leave a voice mail message on the debtors answering machine which uses the words Law Offices of Harold E. Scherr, P.C. before any direct and personal involvement ("with the debtor's account — such as reviewing the debtor's file) - then - (absent any clear disclosure that no attorney has reviewed the particular account) this message violates Section 1692e(3).

See also e.g. <u>Gonzalez v. Kay</u>, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved,

---

[2] See, e.g., <u>Greco v. Trauner, Cohen & Thomas, L.L.P.</u>, 412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established that a letter sent on law firm letterhead . . . does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA.").

The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here. While many courts have ruled (see e.g. Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011): That under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.

because this deceptively sends the message that the 'price of poker has gone up.")

In order for a collection agency to be *Foti* compliant, a debt collector must put in each oral or written communication the debt collector disclaimer. The debt collector cannot assume that the initial communication absolves the debt collector from making future debt collector disclaimers in order for a Law firm who is engaged in purely debt collection activity to be *Greco* compliant. If the debt collection law firm uses words that would imply the communication is coming from a Law Firm, then they need to use a NON ATTORNEY disclaimer in every communication and cannot assume that the initial communication absolves the NON ATTORNEY debt collector from making future NON ATTORNEY disclaimers.  When it comes to a LAW FIRM which is engaged in purely debt collection activities the (*GRECO* - NON ATTORNEY) disclaimer is just like the Mini Miranda warning; i.e. it must be in every communication.

16)    In fact the Law Offices of Harold E. Scherr, P.C. puts the (NON ATTORNEY) disclaimer in their letter communication because the Law Offices of Harold E. Scherr, P.C. is certain that not putting in the (NON ATTORNEY) disclaimer in a letter communication would imply that the said communication is from an involved attorney, hence when the Law Offices of Harold E. Scherr, P.C. is meaningfully involved, ( e.g. during litigation) the (NON ATTORNEY) disclaimer is absent from those communications. An oral or written communication from a LAW FIRM absent the (NON ATTORNEY) disclaimer would lead even a sophisticated consumer to get the impression of meaningful attorney involvement.  In general it would be ridiculous to think that the least sophisticated consumer would carry over any disclaimer from one

communication to the next (such as a Mini Miranda or *Greco* - hence the case law that these disclaimers must be in **ALL** communications). In particular, the communication at hand in this case would imply that it is from an Attorney in the practical sense since it was the initial communication. No Bona Fide error defense exists because Law Offices of Harold E. Scherr, P.C. has a standard practice to leave in every message the words LAW FIRM or Attorneys.[3]

17)      Defendant, as a matter of pattern and practice, leaves prerecorded voice mail messages, or causes prerecorded voice mail messages to be left on debtor's answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited messages which were left on Plaintiff's

---

[3] See. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989.) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.), Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the Act if: ''it can be reasonably read to have two or more different meanings, one of which is inaccurate''. This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor.)

answering machine on many occasions.

18)     Defendant leaves thousands of voice mail prerecorded messages like the ones left for Plaintiff without conducting any meaningful review of the accounts.

19)     The human and or prerecorded voice mail messages Defendant leaves, or causes to be left on debtors answering machines, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, Robo calling technologies, dialers, and electronic databases.

20)     The prerecorded voicemail communications from the Law Offices of Harold E. Scherr, P.C. that say: **<u>This is the Law Office of Harold E. Scherr.</u>** are standardized prescript-ed, prerecorded voice mails.

Although the Law Offices of Harold E. Scherr, P.C. may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said prerecorded voicemails. The inclusion of "Law Office" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communications came from a law firm in a practical sense, when they did not.

21)     If the Law Offices of Harold E. Scherr, P.C. desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit; so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. <u>Clomon v Jackson</u>, 988 F2d 1314,

1320 (2d Cir. 1993). See e.g. <u>Gonzalez v. Kay</u>, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.") See also <u>Sparkman v. Zwicker & Assocs., P.C.</u>, 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated 15 U.S.C. § 1692e.)

22)    The representatives that left the prerecorded messages are not attorneys and, are not licensed to practice law in the State of New York or any other State.

23)    At no time did any of the prerecorded messages indicate that the messages were coming from non-attorney debt collectors.

24)    The telephone number (407) 995-3000 is answered by persons who are employed by the Law Offices of Harold E. Scherr, P.C. as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

25)    Said prerecorded messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) for failing to qualify that the messages were from a non-attorney, for failing to qualify that no attorney from the firm had reviewed the debt, for implying meaningful attorney involvement, and that the communications came from an attorney in the practical sense.

## *CLASS ALLEGATIONS*

26)     This action is brought as a class action. Plaintiff brings this action

individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of

the Federal Rules of Civil Procedure.

27)     The identities of all class members are readily ascertainable from the

records of Law Offices of Harold E. Scherr, P.C. and those business and governmental

entities on whose behalf it attempts to collect debts.

28)     Excluded from the Plaintiff's Class are the Defendants and all officers,

members, partners, managers, directors, and employees of Law Offices of Harold E.

Scherr, P.C., and all of their respective immediate families, and legal counsel for all

parties to this action and all members of their immediate families.

29)     There are questions of law and fact common to the Plaintiff's Class,

which common issues predominate over any issues involving only individual class

members. The principal issues are whether the Defendant's communications with the

Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection

Practices Act.

30)     The Plaintiff's claims are typical of the class members, as all are based

upon the same facts and legal theories.

31)     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's

Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor her attorneys have any interests, which might cause her not to vigorously pursue this action.

32)    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is

committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

33)     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is  also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

34)     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a  class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35)     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION
***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself***
***and the members of a class, as against the Defendant.***

36)     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty five (35) as if set forth fully in this cause of action.

37)     This cause of action is brought on behalf of Plaintiff and the members of a class.

38)     The class consists of all persons whom Defendant's records reflect resided in the New York State and who received prerecorded telephone messages from one of Defendant's collection representatives; (a) which stated that the messages were from the Law Offices of Harold E. Scherr, P.C. but which failed to qualify that the debt had not been reviewed by an attorney and / or that the prerecorded telephone messages did not qualify that the persons leaving the messages were non-attorneys at the firm; (b) the prerecorded messages was left concerning the seeking payment of an

-12-

alleged debt; and (c) that Plaintiff asserts that the prerecorded messages contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

39)     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)     Based on the fact that form telephonic prerecorded messages and are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The   principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such  telephonic prerecorded messages (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

40)     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41)     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42)     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

43)     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

44)     The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)         Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

-14-

and

(b)        Attorney fees, litigation expenses and costs incurred in bringing

this action; and

(c)        Any other relief that this Court deems appropriate and just under

the circumstances.

Dated:  Brooklyn, New York
        March 18, 2013

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave.  #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable.

/s/ David Palace_____
David Palace esq. (DP 3855)

-15-