

120 West 45th Street, Suite 405, New York, New York 10036
Telephone (212) 688 - 3025   Facsimile (212) 688 - 3040

Christopher B. Hitchcock
Telephone Ext.: 109
Email: chitchcock@hitchcockcummings.com

July 1, 2013

**Delivered via ECF**

Chief Judge Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Hannah Bard v. Law Offices of Harold E. Scherr, P.C.
>      Case No.: 13-CV-1411

Dear Judge Amon:

We represent the defendant, Law Offices of Harold E. Scherr, P.C. ("Scherr"), in the above-referenced matter. Pursuant to Your Honor's motion practice rules, please allow this letter to serve as our request for a pre-motion conference on behalf of Scherr. Scherr seeks permission to file a motion pursuant to Fed. R. Civ. P. 12(b)(6), dismissing plaintiff's complaint.

Plaintiff claims that within the one year immediately preceding this action, Scherr left messages on plaintiff's answering machine. *See* Exhibit A, Complaint, at ¶ 11. Specifically, plaintiff alleges that Scherr left prerecorded messages stating: "This is the Law Office of Harold E. Scherr." *See Id.* at ¶ 12. Although the complaint does not provide any other portion of the messages, plaintiff contends that they are in violation of 15 U.S.C. 1692e, *et. seq.* ("FDCPA"), because they mislead the least sophisticated consumer into believing that there was meaningful attorney involvement on the account. *See Id.* at ¶¶ 13-14. Specifically, plaintiff alleges that Scherr's messages violated §§ 1692e(3) and (10). *See Id.* at ¶ 25.

Scherr requests permission to file a motion to dismiss plaintiff's FDCPA claims because the complaint fails to state a cause of action. The mere inclusion of the language "[t]his is the

Chief Judge Carol Bagley Amon
July 1, 2013
Page 2

Law Office of Harold E. Scherr" is not sufficient to state a cause of action under the FDCPA.  In fact, despite plaintiff's claim that the inclusion of the words "Law Office" is materially deceptive and misleading, FDCPA § 1692d(6) requires that a debt collector's company name *must* be disclosed when it places a telephone call.  *See Torres v. ProCollect, Inc.*, 865 F. Supp. 2d 1103, 1107 (D. Colo. 2012).  Accordingly, the mere fact that the message stated that the call was from the Law Office of Harold E. Scherr is insufficient to state a claim under the FDCPA.  There is no case that supports plaintiff's claim that FDCPA § 1692e is violated merely by including the name of the caller in a voice message to a debtor.

In *Nicholson v. Forster & Garbus LLP*, 11-CV-524 SJF WDW, 2013 WL 2237554 (E.D.N.Y. 2013), Judge Feuerstein dismissed a plaintiff's FDCPA claims against Forster & Garbus LLP based on similar facts.  There, Forster & Garbus, LLP, a law firm primarily engaged in debt collection, contracted with Intellicom Contact Centers ("Intellicom"), a call center in India, to make collection calls on its behalf.  *See Nicholson,* 2013 WL at * 1.  On December 10, 2010, plaintiff spoke to an Intellicom employee who identified himself as Ralph Bryant.  *Id.* Bryant stated that he was "calling [plaintiff] on behalf of Forster & Garbus."  *See Id.*

According to the *Nicholson* plaintiff, "[t]he practice of having a non attorney contact consumers from an independent Call Center located in India representing that the caller is a member of Forster & Garbus LLP violates [the FDCPA and particularly 1692e(3)], by misrepresenting that the caller is a member of Forster & Garbus or under the direct supervision of an attorney at Forster & Garbus when he is not."  *See Id.* at *3.  The defendants argued that the plaintiff's FDCPA claim must be dismissed because (1) Bryant "made no misrepresentations regarding his identity or the fact that he was not an attorney, and therefore it was not reasonable for [plaintiff] to believe otherwise," and (2) even if defendants or Intellicom made misrepresentations to plaintiff, such misrepresentations were not material.  *See Id.*

Judge Feuerstein held that the transcript of the call demonstrated that even the least sophisticated consumer could not have reasonably believed that Bryant was an attorney.  *See Id.* Although Bryant stated that he was calling "on behalf of Forster & Garbus," he did not state or imply that he was himself an attorney.  *See Id.* at *3; citing Ostrander v. Accelerated Receivables,* No. 07–CV–827C, 2009 WL 909646, at *6 (W.D.N.Y. Mar. 31, 2009) ("Even applying the 'least sophisticated consumer' standard, it cannot be said that by simply stating that she worked in the 'legal department,' defendant ... gave a 'false representation or implication' that she was an attorney at law or that the communication was from an attorney, in violation of 15 U.S.C. § 1692e(3)."), and plaintiff offered no support for the proposition that the FDCPA prohibits a non-attorney from contacting debtors on an attorney's behalf.  *See Id.*

Accordingly, the mere claim that the message stated that the call was from the Law Office of Harold E. Scherr, as is required by FDCPA § 1692d(6), cannot form the basis of a violation of either FDCPA §§ 1692e(3) or (10).  Mr. Scherr is an attorney licensed in the State of

Chief Judge Carol Bagley Amon
July 1, 2013
Page 3

New York, and the calls are made by persons in his office in Florida.  Moreover, as in *Nicholson,* the message did not make any representation that the call was being made by an attorney.  Accordingly, the message was compliant with FDCPA § 1692d(6), which requires that the identity of the caller be disclosed.

       For these reasons, Scherr respectfully requests permission to file a motion to dismiss plaintiff's complaint.  We are available at the Court's convenience to discuss Scherr's proposed motion.

                  Respectfully Submitted,

                  *S/ Christopher B. Hitchcock/*

CBH/jb                  Christopher B. Hitchcock

cc:     David Palace, Esq. (Via ECF)