**LAW OFFICES OF DAVID PALACE**
383 KINGSTON AVE. #113
BROOKLYN, NY 11213
TEL: (347) 651-1077
FAX: (347) 464-0012
EMAIL: DAVIDPALACE@GMAIL.COM

---

July 8, 2013

VIA ELECTRONIC FILING

Chief Judge Carol Baley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Hannah Bard v. Law Offices of Harold E Scherr, PC*
              Docket No 13 cv 1411

Dear Judge Amon,

        I represent the plaintiff in the above referenced matter. Instead of answering the complaint the defendant has filed a motion for pre motion conference for permission to file motion to dismiss. The plaintiff has amended the complaint.

        The first amended complaint alleges that the use of a prerecorded message stating "**This is the Law Office of Harold E. Scherr a firm which engages in the collection of debt; please call me toll free at 8008588736; thank you.**" implies--at least in the absence of language to the contrary--that the attorney Harold E. Scherer and his law firm formed an opinion about how to manage the case of the debtor to whom the message was left. Additionally, it implies that the attorney and his law firm directly controlled or supervised the process through which the message was left. See *Clomon v. Jackson,* 988 F.2d 1314, 1320 (2d Cir. 1993) (Finding that the use of an attorney's signature implies--at least in the absence of language to the contrary--that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent, and it implies that the attorney directly controlled or supervised the process through which the letter was sent).

The first amended complaint alleges that the message was in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(3) by making the false representation that the communication is from an attorney, and 1692e(10) by misleading that Attorney Sherr is personally involved in collecting the debt when he is not. See *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 306, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003) Quoting *Nielsen, 307 F.3d at 638* and stating that "An attorney must have some professional involvement with the debtor's file if a delinquency letter sent under his name is not to be considered false or misleading in violation of **section 1692e(3) and (10)**."(Emphasis added)

In *Miller v. Upton*, 687 F. Supp. 2d 86, 2009 U.S. Dist. LEXIS 92414 (E.D.N.Y. 2009) Judge Roslynn Mauskopf recently suggested that the necessity for close scrutiny of attorney communications was best articulated the Seventh Circuit's decision in Avila v. Rubin.

Judge Mauskopf stated:

> "The necessity for close scrutiny of attorney debt collection letters was best articulated in the Seventh Circuit's decision in *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996). There the court stated: **An unsophisticated consumer, getting a letter from an "attorney," knows the price of poker has just gone up. And that clearly is the reason why the … [collection process] escalates from the collection agency, which might not strike fear in the consumer, to the attorney, who is better positioned to get the debtor's knees knocking.** Avila, 84 F.3d at 229." (emphasis added)
>
> *Miller v. Upton*, 687 F. Supp. 2d 86, 94-95, 2009 U.S. Dist. LEXIS 92414 (E.D.N.Y. 2009)

It is settled law that a voice mail is a "communication" under the FDCPA.

The false representation or implication that any communication is from an attorney constitutes a violation of § 1692e subsection (3).

The following message: **"This is the Law Office of Harold E. Scherr a firm which engages in the collection of debt; please call me toll free at 8008588736; thank you"** gives the false representation or implication to the least sophisticated consumer that this message is from an attorney or his law firm.

Although the defendant is always free to request pre motion conference for permission to file motion to dismiss, the record now reflects that after the filing of the first amended complaint all those issues are now moot. In the interest of a useful expenditure of the parties time, we ask that the court cancel the pre motion conference. See *Pinkesz v. Portfolio Recovery Associates, LLC.*, No. 1:12-cv-02508 Doc 19 (E.D.N.Y. Nov 14, 2012) There, the court stated that "Since defendant's pre-motion conference request related to the original complaint, this Court agrees with plaintiff that the November 1, 2012, request has been mooted by the filing of the amended complaint. Defendant has 14 days from service of the amended pleading in which to answer or file a pre-motion conference request relating to the amended complaint. *Goldstein v. Frederick J. Hanna & Associates, P.C.* No. No. 1:13-cv-00776 (E.D.N.Y Apr 14, 2013) (same)

                                                Respectfully Submitted,

                                                LAW OFFICES OF DAVID PALACE
                                                By:   s/David Palace_____
                                                David Palace (DP3855)

cc: chitchcock@hitchockcummings.com (Via ECF)