UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HANNAH BARD,

                        Plaintiff,

    -against-

LAW OFFICES OF HAROLD E. SCHERR, P.C.,

                      Defendant.
-----------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM & ORDER
13-cv-1411 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 6 - 2014 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

Plaintiff Hanna Bard brings this action, on behalf of herself and all others similarly situated, against defendant Law Offices of Harold E. Scherr, P.C., alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. On September 20, 2013, defendant filed a motion to dismiss the complaint for failure to state a claim. For the reasons stated below, defendant's motion is denied.

## BACKGROUND

The facts relevant to this motion, drawn from the complaint, are simple. On several occasions in 2013, the defendant left the following prerecorded message on Bard's voicemail:

> This message is for Hanna Bard; if you are not Hanna Bard, you should not listen to the rest of this message; this is the Law Office of Harold E. Scherr, a firm which engages in the collection of debt; please call me toll free at 8008588736.

(Am. Compl. ¶ 12.) Bard alleges that defendant left "thousands" of similar prerecorded messages "without conducting any meaningful review of the accounts." (Id. ¶ 20.) The prerecorded messages did not indicate that the callers were non-attorney debt collectors. (Id. ¶ 24.)

1

Bard's amended complaint was filed on July 8, 2013, which alleges that defendant falsely represented that the messages were from an attorney, in violation of 15 U.S.C. § 1692e and subsections (3) and (10). Bard seeks to certify a class of persons receiving similar prerecorded messages and requests statutory and actual damages, costs, and attorney's fees.

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal on the ground that the complaint fails to state a claim upon which relief can be granted. In reviewing a 12(b)(6) motion, a court must accept the plaintiff's factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. Kittay v. Kornstein, 230 F.3d 531, 537 (2d Cir. 2000). To survive a motion to dismiss, a complaint must allege enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### II. Alleged Violations of the FDCPA

The FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among the practices that fall within section 1692e's prohibition are: "(3) [t]he false representation or implication that any individual is an attorney or that any communication is from an attorney" and "(10) [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Id. A single violation of § 1692e is sufficient to establish civil liability under the FDCPA, and a consumer need not show intentional conduct on the part of

2

the debt collector to recover. 15 U.S.C. § 1692k; see Hess v. Cohen & Slamowitz LLP, 637 F.3d 117, 125 (2d Cir. 2011); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

Because Congress enacted the FDCPA to eradicate abusive debt collection practices by debt collectors, courts in this Circuit have construed the FDCPA to "require that debt collection letters be viewed from the perspective of the 'least sophisticated consumer.'" Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005). The standard recognizes that "consumers of below-average sophistication or intelligence are especially vulnerable to fraudulent schemes," and serves the purpose of protecting all consumers while shielding debt collectors from liability for "bizarre or idiosyncratic interpretations of collection notices." Clomon, 988 F.2d at 1319.

Bard contends that by leaving messages on her voicemail that included the words "law office" or "attorney," defendant falsely represented that Harold E. Scherr, Esq., or an attorney from the law firm was in fact involved in the collection of plaintiff's debt. She asserts that the FDCPA prohibits "any collection communications that appear to be from an attorney without the attorney having both reviewed the debtor's file and gained some knowledge about the specific debt." (See Pl.'s Opp. at 8.) In support of her argument, Bard cites Clomon v. Jackson, where the Second Circuit determined that the use of form collection letters printed on the letterhead and using a facsimile signature of an attorney who had no role in the debt collection process violated the FDCPA. Clomon, 988 F.2d at 1320. The Second Circuit held that the use of an attorney's signature or law firm letterhead implies that the attorney had "formed an opinion about how to manage the case of the debtor to whom the letter was sent," at least in the "absence of language to the contrary." Id. at 1321; see Greco, 412 F.3d at 364 ("In . . . Clomon, we established that a

3

letter sent on law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter.") (emphasis omitted).

In Greco v. Trauner, on which Bard also relies, the Second Circuit clarified that an attorney could "send a debt collection letter without being meaningfully involved as an attorney within the collection process," as long as the communication included a disclaimer that made clear that the attorney was "not, at the time of the letter's transmission, acting as an attorney." 412 F.3d at 364. Bard argues that because defendant's voicemail message did not contain a disclaimer that no attorney had personally reviewed the debtor's account, the message was misleading. Bard further argues that because the defendant identified itself as a law firm, defendant's messages misleadingly carried with them an implied "potential threat of litigation." (See Pl.'s Opp. at 10.)

Defendant counters that Greco only requires the inclusion of a disclaimer where the contents of the collection letter contained representations about the debtor's specific debt or account and collection efforts. Defendant argues that its voicemail message makes no representation regarding Bard's debt or account which could lead Bard into believing that an attorney had become involved in the debt collection efforts. Further, defendant contends, its message was "designed" with FDCPA compliance in mind; other provisions of the FDCPA require a debt collector to provide its name and to specify that it is engaged in the collection of debt.

As an initial matter, this Court finds—and the parties do not dispute—that defendant's message was a "communication" within the meaning of the FDCPA. 15 U.S.C. § 1692a(2) (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium"); see, e.g., Foti v. NCO Fin. Sys., Inc., 424 F.

Supp. 2d 643, 655-660 (S.D.N.Y. 2006) (finding a prerecorded voicemail message to be a "communication" under the FDCPA).

The Second Circuit has not yet examined whether a prerecorded voicemail message by a law firm requires a disclaimer, such as the one found adequate in Greco, clarifying the extent of attorney involvement in the debt collection process. However, this Court can find no principle that would justify a distinction between a voicemail message and a letter for purposes of FDCPA liability; in either case, the communication must not misrepresent the extent to which an attorney has become involved in the debt collection process. The Second Circuit made clear in Greco that a letter sent on law firm letterhead, without a disclaimer, implies a level of attorney or firm involvement to the debtor receiving the letter. See Greco, 412 F.3d at 364. In Suquilanda v. Cohen & Slamowitz, LLP, the court found that use of the letterhead alone without a disclaimer sufficient to survive a motion to dismiss. No. 10 CIV. 5868, 2011 WL 4344044, at *7 (S.D.N.Y. Sept. 8, 2011). This Court finds the prerecorded voicemail in this case may imply a level of attorney or firm involvement in the debt collection process. Clomon, 988 F.2d at 1320-21. Accordingly, Bard's allegations are sufficient to state a claim for a violation of the FDCPA.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss plaintiff's complaint is denied.

SO ORDERED.

Dated: June 5, 2014
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

5